NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-03-KKC

VINCENT F. RIVERA                                                                                           PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

GOVERNOR OF THE STATE OF KENTUCKY, ET AL.                                    DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Vincent Rivera is an inmate confined at the Florida State Prison in Raiford, Florida, and he has filed a two-page handwritten *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 and various other federal statutes. Rivera's complaint vaguely alleges that the Governor of the Commonwealth of Kentucky has conspired with others to create some form of a kickback scheme through the purchase of generic drugs for sale to state prisons. Rivera seeks $10 trillion in damages and a declaration of rights [Record No. 1]. Rivera has also moved to proceed *in forma pauperis* [Record No. 2].

The federal courts' PACER database indicates that a "Vincent Rivera" is the plaintiff in 350 cases nationwide. A review of those cases reveals that this plaintiff Rivera has filed hundreds of civil actions in the state and federal courts which have been dismissed as frivolous, and that many courts, including the United States Supreme Court, have imposed strict filing restrictions on Rivera for his repeated filing of frivolous and bad faith lawsuits. *Rivera v. Fla. Dep't of Corr.*, 526 U.S. 135 (1999) (prospectively barring Rivera from any further noncriminal case filings because he had abused the writ process by submitting frivolous filings). A number of Rivera's recent lawsuits make

allegations identical to those presented here against governors and officers in states all across the country. *See, e.g., Rivera v. Governor of N.Y.*, 92 Fed. Appx. 25 (2d Cir. 2004) (affirming district court's decision to dismiss complaint under 28 U.S.C. § 1915(e)).

**1.     Motion to Proceed *In Forma Pauperis***

The Court will deny Rivera's motion to proceed *in forma pauperis* under the "three strikes" provision of 28 U.S.C. §1915(g), because Rivera has had at least three prior lawsuits dismissed as frivolous or for failure to state a claim. *See, e.g., Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998) (affirming district court's denial of Rivera's *in forma pauperis* motion under 28 U.S.C. §1915(g)); *Rivera v. Gonzalez*, 145 Fed. Appx. 434 (4th Cir. 2005) (affirming district court's dismissal of complaint under 28 U.S.C. §1915A(b)); *Rivera v. Cheney*, 2005 U.S. App. LEXIS 3377 (D.C. Cir. 2005) (revoking Rivera's *in forma pauperis* status pursuant to 28 U.S.C. §1915(g)); *Rivera v. Lingle*, 2006 U.S. Dist. LEXIS 59298 (D. Haw. 2006); *Rivera v. Henry*, 2006 U.S. Dist. LEXIS 44627 (W.D. Okla. 2006); *Rivera v. Riley*, 2006 U.S. Dist. LEXIS 35105 (M.D. Ala. 2006); *Rivera v. Riley*, 2006 U.S. Dist. LEXIS 28715 (M.D. Ala. 2006). There is also no factual basis upon which to conclude that Rivera is in any imminent danger of serious physical injury to fit within Section 1915(g)'s "imminent danger" exception.

Because liability for the filing fee attaches upon the filing of the complaint, *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997), the plaintiff is required and is ordered to pay the $350 filing fee for a civil action. 28 U.S.C. §1915(b)(1). The Clerk of the Court shall open an account in the prisoner's name for receipt of the filing fee and shall serve a copy of this Order and the appropriate fee notice upon the Jailer/Warden of the institution in which the prisoner is currently confined.

**2.     Merits of the Complaint**

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Baker is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

Rivera's complaint must be dismissed with prejudice because he lacks standing to assert the claims raised therein. Article III of the Constitution only permits courts to exercise jurisdiction over "cases" and "controversies." *T.H.E. Insurance v. Naghtin*, 916 F.2d 1082, 1085 (6th Cir. 1990). One aspect of this requirement is that a party must have an actual injury or claim in order to have "standing" to sue. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 476 n.13 (1982). A plaintiff satisfies the standing requirement only where the plaintiff has "such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). In this case, Rivera is a prisoner in Florida and cannot claim any injury from actions allegedly taken by the Kentucky governor with respect to generic drugs provided to Kentucky inmates. An inmate does not have standing to sue on behalf of other prisoners. *Weaver v. Wilcox*, 650 F.2d 22, 27 (1981) (*citing Fowler v. Graham*, 478 F. Supp. 90 (D.C.S.C. 1979); *United States ex rel. Ratchford v. Mazurkiewicz*, 451 F. Supp. 671 (E.D. Pa.

1978)). Because Rivera does not "allege a personal loss and seek to vindicate a deprivation of his own constitutional rights," *Singleton v. Wulff*, 428 U.S. 106, 112-13 (1976) (*jus tertii* rule), his complaint must be dismissed.

**3.      Further Filing Restrictions**

The Court takes judicial notice of the many civil actions filed by Rivera, as well as the fact that the strong majority of those cases were dismissed for failure to state a claim or as frivolous. The Court further takes notice of the many courts that have imposed severe limitations upon Rivera's filings because of his long-established history of abusing the judicial system, to the clear detriment of those who may have meritorious claims to assert.

The Court possesses the inherent power to prevent the abuse of the judicial process by enjoining those who file multiple, frivolous, or malicious pleadings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.", citing *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)); 28 U.S.C. §1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *In re Green*, 669 F.2d 779, 784 (D.C. Cir. 1981). Where a litigant has "demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . .,'" the Court may enter an order prospectively denying *in forma pauperis* status and direct the Clerk of the Court to return unfiled any complaint or petition submitted by the litigant unless accompanied by the appropriate filing fee. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992).

The history set forth above demonstrates Rivera's persistent disregard for the procedural rules applicable to civil rights actions and proceedings before the courts, and this Court need not wait to see such conduct in this Court before it acts to protect the integrity of the judicial process. The Court will therefore direct the Clerk of the Court to return unfiled any motion Rivera submits for filing in the present case (including motions to reconsider, vacate the judgment, proceed *in forma pauperis*, or proceed *in forma pauperis* on appeal), with the sole exception of a notice of appeal.

The Court will further act to prevent such abuses in the future by restricting Rivera's ability to file subsequent civil actions. However, before such action is taken, a litigant is entitled to notice of the proposed action and the opportunity to respond. *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987) (prior notice required); *In re Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (district court must notify party to be enjoined and to invite response). Rivera is hereby given notice that, unless he shows good cause why such an order should not be entered, the Court will direct the Clerk of the Court to return unfiled any new civil action, unless and until he has:

(1)  first paid in full the $350 filing fee he has incurred for the present civil action, and

(2)  either (a) pays the filing fee in full or (b) files a motion to proceed *in forma pauperis* supported by an affidavit or declaration complying with 28 U.S.C. §1746 and punishable by contempt wherein he swears under oath that he is under imminent danger of serious physical injury.

Rivera will be given 20 days from the date of entry of this Memorandum Opinion and Order in which to file his response, after which the Court will enter an appropriate order.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Rivera's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED.** The plaintiff is required and is ordered to pay the $350 filing fee for a civil action. The Clerk of the Court shall open an account in the prisoner's name for receipt of the filing fee and shall serve a copy of this Order upon the Jailer/Warden of the institution in which the prisoner is currently confined.

(2) Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

(3) Plaintiff is hereby directed to file a response within twenty (20) days explaining why this Court should not enter an order restricting his right to file subsequent actions without the prepayment of fees. Plaintiff is advised that a failure to file a timely response will result in the entry of an order against him without consideration of his response.

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

Dated this 25th day of January, 2007.

Signed By:
*Karen K. Caldwell*
United States District Judge